**United States District Court**
For the Northern District of California

1

2

3                         UNITED STATES DISTRICT COURT

4                        NORTHERN DISTRICT OF CALIFORNIA

5

6

7    RICHARD DAHNKEN,

8          Plaintiff,                          No. C 13-2838 PJH

9          v.                                  **ORDER GRANTING MOTION TO
                                               DISMISS**, **DENYING MOTION TO
10   WELLS FARGO BANK, N.A., et al.,           STRIKE**

11         Defendants.

12   _____/

13

14         Defendants' motion to dismiss and motion to strike came on for hearing before this

15   court on November 6, 2013.  Plaintiff Richard Dahnken ("plaintiff") appeared through his

16   counsel, Charles Marshall.  Defendants Wells Fargo Bank, JP Morgan Chase Bank, and

17   Mortgage Electronic Registration Systems, Inc. ("defendants") appeared through their

18   counsel, Roxana Vatanparast.  Having read the papers filed in conjunction with the motions

19   and carefully considered the arguments and relevant legal authority, and good cause

20   appearing, the court hereby GRANTS defendants' motion to dismiss, with leave to amend,

21   and DENIES defendants' motion to strike as follows.

22         This is a mortgage case.  On June 23, 2005, plaintiff executed a $346,000 mortgage

23   on the subject property, with SGB Corporation as the lender, defendant Mortgage

24   Electronic Registration Systems, Inc. ("MERS") as the beneficiary, and Financial Title as

25   the trustee.  On or around December 2005, the loan was sold to WaMu Mortgage Pass-

26   Through Certificates Series 2005-PR4 REMIC MBS Trust, for which defendant Wells Fargo

27   serves as trustee.  Plaintiff claims that his loan was not assigned to Wells Fargo before the

28   closing date of the trust (December 20, 2005), in violation of the relevant Pooling Service

United States District Court
For the Northern District of California

1  Agreement ("PSA"), thus rendering the securitization of his loan invalid.  Plaintiff uses this

2  allegation to challenge the validity of all subsequent transactions, described below.

3       On September 25, 2008, the Office of Thrift Supervision closed WaMu and

4  appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver.  On the same

5  day, defendant JP Morgan Chase Bank ("Chase") entered into a Purchase and Assumption

6  Agreement with the FDIC, under which Chase acquired all right, title, and interest in

7  WaMu's assets, including plaintiff's loan.

8       On January 21, 2009, an assignment of deed of trust was recorded against the

9  subject property, assigning the property interest to Chase.  The same day, a substitution of

10 trustee was recorded, substituting California Reconveyance Company ("CRC") as trustee.

11 Also on the same day, a notice of default was recorded, based on plaintiff's failure to make

12 any payments after September 1, 2008.  As of January 2009, plaintiff owed $8,731.19 on

13 the loan.  Plaintiff claims that the assignment to Chase was part of "an elaborate scheme to

14 paper over and cover up the botched securitization of [his] loan."

15      On April 24, 2009, a notice of trustee's sale was recorded, with a scheduled sale

16 date of May 12, 2009.  On August 25, 2009, another notice of trustee's sale was recorded,

17 with a sale date of September 16, 2009.  The sale did not take place.

18      On August 9, 2011, an assignment of deed of trust was recorded, assigning Chase's

19 interest to Wells Fargo.  Plaintiff claims that this assignment was invalid, because Chase

20 had no interest to assign.

21      On March 23, 2012, another notice of trustee's sale was recorded (the third such

22 notice), with a sale date of April 18, 2012.  On October 26, 2012, a fourth notice of trustee's

23 sale was recorded, with a sale date of November 19, 2012.  On March 26, 2013, a fifth

24 notice of trustee's sale was recorded, with a sale date of April 16, 2013.  The foreclosure

25 sale was then postponed to June 25, 2013, but it appears that the sale has still not yet

26 occurred, and plaintiff still has not made any payment on this mortgage since September

27 2008.

28      Plaintiff filed this suit on June 20, 2013, asserting ten causes of action against

2

United States District Court

For the Northern District of California

1  defendants Wells Fargo Bank (as trustee of the WaMu trust), JP Morgan Chase Bank, and

2  MERS: (1) wrongful foreclosure, (2) quiet title, (3) slander of title, (4) fraud, (5) cancellation

3  of instruments, (6) violation of Cal. Civ. Code § 2924.17, (7) violation of Cal. Civ. Code §

4  2934(a)(1)(A), (8) violation of Cal. Bus. & Prof. Code § 17200, (9) negligence, and (10)

5  unjust enrichment.  Defendants now move to dismiss the complaint for failure to state a

6  claim, and to strike plaintiff's requests for punitive damages and attorneys' fees.

7          As a threshold matter, all ten of plaintiff's asserted causes of action are based on the

8  argument that his loan was improperly securitized, thus breaking the chain of title to his

9  mortgage, and leaving defendants without standing to enforce his mortgage.  Plaintiff

10  argues that "the true and valid beneficiary is unknown," but "[w]hat is known is that the

11  defendants to this action do not have the authority to exercise the power of sale or to

12  collect mortgage payments from the plaintiff."  See Complaint at 9.  To support this

13  argument, plaintiff largely relies on Glaski v. Bank of America, in which a California court of

14  appeal found that a borrower did have standing to challenge the assignment of a loan to a

15  securitized trust, even if he was not a party to or a beneficiary of the assignment

16  agreement.  218 Cal.App.4th 1079, 1097 (2013).  However, even Glaski acknowledged that

17  "some federal district courts sitting in California have rejected the post-closing date theory

18  of invalidity on the grounds that the borrower does not have standing to challenge an

19  assignment between two other parties," before distinguishing those cases because "they do

20  not apply New York trust law to the operation of the securitized trusts in question."  Id. at

21  1098.  In this case, plaintiff has not argued that New York law is applicable, so the court

22  declines to adopt the reasoning of Glaski.  Instead, the court adopts the "majority position"

23  of courts within this district, which is that "plaintiffs lack standing to challenge

24  noncompliance with a PSA in securitization unless they are parties to the PSA or third party

25  beneficiaries of the PSA."  Shkolnikov v. JP Morgan Chase Bank, 2012 WL 6553988, at *13

26  (N.D. Cal. Dec. 14, 2012); see also, e.g., Almutarreb v. Bank of New York Trust Co., 2012

27  WL 4371410 (N.D. Cal. Sept. 24, 2012).

28          Based on plaintiff's lack of standing to challenge the securitization of his loan, the

3

United States District Court

For the Northern District of California

1  court finds that defendants' motion to dismiss must be GRANTED.  All ten of plaintiff's

2  asserted causes of action depend on the allegation of improper securitization.  For

3  instance, plaintiff's first cause of action for wrongful foreclosure alleges that defendants

4  "conspired to file a fabricated, fraudulent assignment of plaintiff's deed of trust with MERS

5  falsely stating that it held a beneficial interest in plaintiff's mortgage loan and the power as

6  beneficiary to convey plaintiff's deed of trust to Chase," when in fact "MERS held no

7  interest as nominal beneficiary or otherwise" due to the allegedly failed securitization of

8  plaintiff's loan.  Complaint, ¶ 41.  Plaintiff goes on to allege that the foreclosure proceedings

9  initiated against him are "based on the illegal and knowingly fraudulent assignment of

10  plaintiff's DOT and knowingly fraudulent and void foreclosure documents filed by CRC at

11  the behest of its principal (whether Chase or Wells Fargo)."  Id. at ¶ 43. Plaintiff's remaining

12  causes of action are similarly premised on the allegedly-invalid securitization of his loan.

13  Thus, plaintiff's complaint is DISMISSED in its entirety, and while plaintiff will be granted

14  leave to amend, any amended complaint may not re-allege claims that are based on flaws

15  in the securitization process or defendants' purported failure to comply with the

16  requirements of the PSA.  Plaintiff shall have until **December 6, 2013** to file an amended

17  complaint in accordance with this order.  No new claims or parties may be added without

18  leave of court or agreement of the parties.  Defendants shall have until **December 27, 2013**

19  to answer or otherwise respond to the amended complaint.

20  Defendants have also filed a motion to strike plaintiff's request for punitive damages

21  and request for attorneys' fees.  Under Federal Rule of Civil Procedure 12(f), defendants

22  must show that the material sought to be stricken is "redundant, immaterial, impertinent, or

23  scandalous."  Defendants do not meet that standard, and in any event, defendants' motion

24  is premature at this stage of the case, during which the facts alleged in plaintiff's complaint

25  are to be taken as true.  Accordingly, defendants' motion to strike is DENIED.

26  Finally, the court GRANTS defendants' request for judicial notice of the original deed

27  of trust and the purchase and assumption agreement between the FDIC and Chase, but

28  DENIES plaintiff's request for judicial notice, as no documents were attached to the

4

**United States District Court**

For the Northern District of California

1 | request.

2 | **IT IS SO ORDERED.**

3 | Dated: November 8, 2013

4 | PHYLLIS J. HAMILTON
United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28