UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD DAHNKEN,

    Plaintiff,

    v.

WELLS FARGO BANK, N.A., et al.,

    Defendants.

_____/

No. C 13-2838 PJH

**ORDER GRANTING MOTION TO DISMISS**, **DENYING MOTION TO STRIKE**

    Defendants' motion to dismiss and motion to strike came on for hearing before this court on November 6, 2013. Plaintiff Richard Dahnken ("plaintiff") appeared through his counsel, Charles Marshall. Defendants Wells Fargo Bank, JP Morgan Chase Bank, and Mortgage Electronic Registration Systems, Inc. ("defendants") appeared through their counsel, Roxana Vatanparast. Having read the papers filed in conjunction with the motions and carefully considered the arguments and relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motion to dismiss, with leave to amend, and DENIES defendants' motion to strike as follows.

    This is a mortgage case. On June 23, 2005, plaintiff executed a $346,000 mortgage on the subject property, with SGB Corporation as the lender, defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, and Financial Title as the trustee. On or around December 2005, the loan was sold to WaMu Mortgage Pass-Through Certificates Series 2005-PR4 REMIC MBS Trust, for which defendant Wells Fargo serves as trustee. Plaintiff claims that his loan was not assigned to Wells Fargo before the closing date of the trust (December 20, 2005), in violation of the relevant Pooling Service

Agreement ("PSA"), thus rendering the securitization of his loan invalid. Plaintiff uses this allegation to challenge the validity of all subsequent transactions, described below.

On September 25, 2008, the Office of Thrift Supervision closed WaMu and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver. On the same day, defendant JP Morgan Chase Bank ("Chase") entered into a Purchase and Assumption Agreement with the FDIC, under which Chase acquired all right, title, and interest in WaMu's assets, including plaintiff's loan.

On January 21, 2009, an assignment of deed of trust was recorded against the subject property, assigning the property interest to Chase. The same day, a substitution of trustee was recorded, substituting California Reconveyance Company ("CRC") as trustee. Also on the same day, a notice of default was recorded, based on plaintiff's failure to make any payments after September 1, 2008. As of January 2009, plaintiff owed $8,731.19 on the loan. Plaintiff claims that the assignment to Chase was part of "an elaborate scheme to paper over and cover up the botched securitization of [his] loan."

On April 24, 2009, a notice of trustee's sale was recorded, with a scheduled sale date of May 12, 2009. On August 25, 2009, another notice of trustee's sale was recorded, with a sale date of September 16, 2009. The sale did not take place.

On August 9, 2011, an assignment of deed of trust was recorded, assigning Chase's interest to Wells Fargo. Plaintiff claims that this assignment was invalid, because Chase had no interest to assign.

On March 23, 2012, another notice of trustee's sale was recorded (the third such notice), with a sale date of April 18, 2012. On October 26, 2012, a fourth notice of trustee's sale was recorded, with a sale date of November 19, 2012. On March 26, 2013, a fifth notice of trustee's sale was recorded, with a sale date of April 16, 2013. The foreclosure sale was then postponed to June 25, 2013, but it appears that the sale has still not yet occurred, and plaintiff still has not made any payment on this mortgage since September 2008.

Plaintiff filed this suit on June 20, 2013, asserting ten causes of action against

defendants Wells Fargo Bank (as trustee of the WaMu trust), JP Morgan Chase Bank, and MERS: (1) wrongful foreclosure, (2) quiet title, (3) slander of title, (4) fraud, (5) cancellation of instruments, (6) violation of Cal. Civ. Code § 2924.17, (7) violation of Cal. Civ. Code § 2934(a)(1)(A), (8) violation of Cal. Bus. & Prof. Code § 17200, (9) negligence, and (10) unjust enrichment.  Defendants now move to dismiss the complaint for failure to state a claim, and to strike plaintiff's requests for punitive damages and attorneys' fees.

As a threshold matter, all ten of plaintiff's asserted causes of action are based on the argument that his loan was improperly securitized, thus breaking the chain of title to his mortgage, and leaving defendants without standing to enforce his mortgage.  Plaintiff argues that "the true and valid beneficiary is unknown," but "[w]hat is known is that the defendants to this action do not have the authority to exercise the power of sale or to collect mortgage payments from the plaintiff."  See Complaint at 9.  To support this argument, plaintiff largely relies on Glaski v. Bank of America, in which a California court of appeal found that a borrower did have standing to challenge the assignment of a loan to a securitized trust, even if he was not a party to or a beneficiary of the assignment agreement.  218 Cal.App.4th 1079, 1097 (2013).  However, even Glaski acknowledged that "some federal district courts sitting in California have rejected the post-closing date theory of invalidity on the grounds that the borrower does not have standing to challenge an assignment between two other parties," before distinguishing those cases because "they do not apply New York trust law to the operation of the securitized trusts in question."  Id. at 1098.  In this case, plaintiff has not argued that New York law is applicable, so the court declines to adopt the reasoning of Glaski.  Instead, the court adopts the "majority position" of courts within this district, which is that "plaintiffs lack standing to challenge noncompliance with a PSA in securitization unless they are parties to the PSA or third party beneficiaries of the PSA."  Shkolnikov v. JP Morgan Chase Bank, 2012 WL 6553988, at *13 (N.D. Cal. Dec. 14, 2012); see also, e.g., Almutarreb v. Bank of New York Trust Co., 2012 WL 4371410 (N.D. Cal. Sept. 24, 2012).

Based on plaintiff's lack of standing to challenge the securitization of his loan, the

3

court finds that defendants' motion to dismiss must be GRANTED. All ten of plaintiff's asserted causes of action depend on the allegation of improper securitization. For instance, plaintiff's first cause of action for wrongful foreclosure alleges that defendants "conspired to file a fabricated, fraudulent assignment of plaintiff's deed of trust with MERS falsely stating that it held a beneficial interest in plaintiff's mortgage loan and the power as beneficiary to convey plaintiff's deed of trust to Chase," when in fact "MERS held no interest as nominal beneficiary or otherwise" due to the allegedly failed securitization of plaintiff's loan. Complaint, ¶ 41. Plaintiff goes on to allege that the foreclosure proceedings initiated against him are "based on the illegal and knowingly fraudulent assignment of plaintiff's DOT and knowingly fraudulent and void foreclosure documents filed by CRC at the behest of its principal (whether Chase or Wells Fargo)." Id. at ¶ 43. Plaintiff's remaining causes of action are similarly premised on the allegedly-invalid securitization of his loan. Thus, plaintiff's complaint is DISMISSED in its entirety, and while plaintiff will be granted leave to amend, any amended complaint may not re-allege claims that are based on flaws in the securitization process or defendants' purported failure to comply with the requirements of the PSA. Plaintiff shall have until **December 6, 2013** to file an amended complaint in accordance with this order. No new claims or parties may be added without leave of court or agreement of the parties. Defendants shall have until **December 27, 2013** to answer or otherwise respond to the amended complaint.

Defendants have also filed a motion to strike plaintiff's request for punitive damages and request for attorneys' fees. Under Federal Rule of Civil Procedure 12(f), defendants must show that the material sought to be stricken is "redundant, immaterial, impertinent, or scandalous." Defendants do not meet that standard, and in any event, defendants' motion is premature at this stage of the case, during which the facts alleged in plaintiff's complaint are to be taken as true. Accordingly, defendants' motion to strike is DENIED.

Finally, the court GRANTS defendants' request for judicial notice of the original deed of trust and the purchase and assumption agreement between the FDIC and Chase, but DENIES plaintiff's request for judicial notice, as no documents were attached to the

request.

**IT IS SO ORDERED.**

Dated: November 8, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge