UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD DAHNKEN,

    Plaintiff,

    v.

WELLS FARGO BANK, N.A., et al.,

    Defendants.
_____/

No. C 13-2838 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Defendants' motion to dismiss came on for hearing before this court on January 29, 2014. Plaintiff Richard Dahnken ("plaintiff") appeared through his counsel, Charles Marshall. Defendants Wells Fargo Bank, JP Morgan Chase Bank, and Mortgage Electronic Registration Systems, Inc. ("defendants") appeared through their counsel, Roxana Vatanparast. Having read the papers filed in conjunction with the motion and carefully considered the arguments and relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motion to dismiss as follows.

    This is a mortgage case. The court's previous order, dismissing the complaint with leave to amend, sets forth the relevant factual background, which is not repeated here. See Dkt. 26 (November 8, 2013). In short, plaintiff alleged that his loan was not assigned to Wells Fargo before the closing date of the trust, in violation of the relevant Pooling Service Agreement ("PSA"), which rendered the securitization of his loan invalid and rendered all subsequent transactions void. The court specifically rejected plaintiff's argument, and instead followed the "majority position" of courts within this district, which is that "plaintiffs lack standing to challenge noncompliance with a PSA in securitization unless

they are parties to the PSA or third party beneficiaries of the PSA." Shkolnikov v. JP Morgan Chase Bank, 2012 WL 6553988, at *13 (N.D. Cal. Dec. 14, 2012); see also, e.g., Almutarreb v. Bank of New York Trust Co., 2012 WL 4371410 (N.D. Cal. Sept. 24, 2012). Plaintiff's standing argument is further undermined by the fact that he has defaulted on his loan and has not made a payment since September 2008, which prevents him from showing that he was prejudiced by any irregularity in the securitization process. Accordingly, the court granted defendants' motion to dismiss, and while the court did allow plaintiff an opportunity to amend his complaint, it specifically instructed plaintiff that "any amended complaint may not re-allege claims that are based on flaws in the securitization process or defendants' purported failure to comply with the requirements of the PSA." Dkt. 26 at 4.

On December 6, 2013, plaintiff filed the operative first amended complaint ("FAC"), asserting the same ten causes of action that were asserted in his original complaint; namely, (1) wrongful foreclosure, (2) quiet title, (3) slander of title, (4) fraud, (5) cancellation of instruments, (6) violation of Cal. Civ. Code § 2924.17, (7) violation of Cal. Civ. Code § 2934(a)(1)(A), (8) violation of Cal. Bus. & Prof. Code § 17200, (9) negligence, and (10) unjust enrichment. Also, critically, the FAC is still premised on the argument that "the securitization of his loan, without more, extinguished any interest in his loan held by" defendants or their predecessors-in-interest. See FAC, ¶ 3. Plaintiff also re-argues that "California district courts are split as to whether a plaintiff has standing to challenge a securitization transaction not organized under New York law," even though the court specifically rejected plaintiff's standing argument in dismissing the original complaint. As a result, the FAC is subject to dismissal under Federal Rule of Civil Procedure 41(b), based on plaintiff's failure to comply with a court order.

The FAC is also subject to dismissal on the merits, and it is on that basis that the court GRANTS defendants' motion to dismiss. Each of plaintiff's causes of action is based on the premise that defendants lack any interest in plaintiff's loan, and thus any of their activities (either in collecting loan payments or initiating foreclosure-related activities) was

void.  However, as discussed above, the court already considered and rejected this argument in dismissing the original complaint.  While plaintiff cites the recently-issued opinion in Subramani v. Wells Fargo to support his argument, the court notes that the Subramani court specifically held that "plaintiffs who are not parties to PSAs lack standing to challenge" alleged violations of a PSA, which is consistent with the court's dismissal order in this case.  Subramani, 2013 WL 5913789 at *3 (N.D. Cal. Oct. 31, 2013).  While the Subramani court did deny the defendant's motion to dismiss, it did so only after concluding that "[t]his case is not like the cases defendant cites, in which the plaintiffs rely solely on violations of a PSA or securitization in itself."  Id. at *4.  Thus, Subramani is distinguishable from the present case, in which plaintiff admits that "the securitization of his loan, without more, extinguished any interest in his loan" held by defendants or their predecessors-in-interest.  FAC, ¶ 3 (emphasis added).  The court also notes that plaintiff's argument for avoiding the tender requirement is derivative of his securitization argument; specifically, he argues that "it is well-settled that plaintiff is not required to allege tender to the defendants if they, in fact, are not the true owners of the loan."  Dkt. 32 at 9.  Because the court rejects plaintiff's conclusory argument that defendants are "not the true owners of the loan," plaintiff cannot avoid the tender requirement, and his failure to allege tender is fatal to at least his first and second causes of action.

     Plaintiff also alleges that certain assignments of the loan were void because they were "robo-signed."  However, courts in this circuit have consistently found that conclusory allegations of robo-signing are insufficient to state a claim, absent some factual support. See, e.g., Baldoza v. Bank of America, N.A., 2013 WL 978268 at *13 (N.D. Cal. Mar. 12, 2013); McGough v. Wells Fargo Bank, 2012 WL 5199411 at *6 (N.D. Cal. Oct. 22, 2012); Chan Tang v. Bank of America, N.A., 2012 WL 960373 at *10-11 (C.D. Cal. March 19, 2012); Sohal v. Fed. Home Loan Mortg. Corp., 2011 WL 3842195 at *5 (N.D. Cal. Aug. 30, 2011); Chua v. IB Property Holdings, LLC, 2011 WL 3322884 at *2 (C.D. Cal. Aug. 1, 2011).

     Next, plaintiff alleges that Wells Fargo did not record its own notice of default, but as

3

defendants point out, Cal. Civ. Code § 2924(a)(1) allows a notice of default to be recorded by a "trustee, mortgagee, or beneficiary, or any of their authorized agents." Plaintiff presents no authority for the argument that Wells Fargo was required to record its own notice of default.

Finally, while the foregoing findings dispose of the majority of plaintiff's asserted causes of action, the court separately addresses plaintiff's sixth (Cal. Civ. Code 2924.17) and ninth (negligence) causes of action. As to the sixth cause of action, section 2924.17 came into effect on January 1, 2013, applies only to "mortgage services," and is not retroactively applied. Thus, the provision could not apply to the first four notices of trustee's sale recorded against the subject property, because each was recorded prior to January 2013. And section 2924.17 does not apply to the fifth (and final) notice of trustee's sale, because it was recorded by California Reconveyance Company as trustee, not by the servicer itself.

As to the ninth cause of action, the court notes that a financial institution "owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal.App.3d 1089, 1095 (1991). Plaintiff argues that defendants exceeded the scope of a traditional lender by initiating "fraudulent" foreclosure proceedings, but as discussed above, the court finds that plaintiff's allegations of fraud lack merit. Thus, defendants owed no duty of care to plaintiff.

For all of the foregoing reasons, defendants' motion to dismiss the FAC is GRANTED as to all ten of plaintiff's asserted claims. Because plaintiff has already been granted leave to amend, and failed to cure the deficiencies of his complaint, the dismissal shall be with prejudice.

**IT IS SO ORDERED.**

Dated: February 6, 2014

PHYLLIS J. HAMILTON
United States District Judge

4